MIDDLESEX RAILROAD COMPANY *vs.* CITY OF CHARLESTOWN.

An incorporated street railroad company is not taxable for horses or other personal property used in and necessary for the prosecution of its business.

CONTRACT to recover back the amount of a tax upon the real and personal estate of the plaintiffs, paid by them to the defendants. The writ was dated January 28, 1863.

At the trial in the superior court, before *Allen*, C. J., there was evidence tending to prove the following facts : The plaintiffs are a street railroad company, incorporated by *St.* 1854, c. 434, and, after being duly organized, they proceeded to construct and lay down a railroad in Charlestown and Boston, as

therein provided, and have since used the same for conveying passengers over it, and have procured horses and cars to such an extent as was necessary to meet the demands of the public. The assessors of Charlestown for 1862 assessed upon the plaintiffs a tax of $48, upon a valuation of $5000 of real estate, and a tax of $2697, upon a valuation of $281,000 of personal estate, consisting of horses, cars, omnibuses, sleighs, &c., including the track. The value of the horses, cars, omnibuses and sleighs was $39,935, and they were kept in Charlestown. All of these horses and cars were used exclusively in transporting passengers over the plaintiffs' railroad, and were necessary for that purpose; and all of the omnibuses and sleighs were necessary, under the rules and regulations established in Charlestown and Boston, to convey the plaintiffs' passengers from Charlestown to Boston and back when the plaintiffs were unable to use their railroad and cars by reason of their tracks being covered with snow; and they were used for no other purpose than as substitutes for the cars when the latter could not be used by reason of the snow, and for that purpose were necessary for the operation of the plaintiffs' road. The place of business of the plaintiffs was in Boston. The above taxes were duly committed for collection to the treasurer and collector of Charlestown, who, under Gen. Sts. c. 12, § 45, on or about the 1st of January 1863, issued and delivered his warrant, embracing the personal estate only, to a deputy sheriff for collection, who on the 24th of said January seized a quantity of current bank bills of the plaintiffs, sufficient to satisfy the tax upon the personal estate, and on the 11th of the following February paid the same into the city treasury. On the 16th of the following March the plaintiffs paid the tax upon the real estate under protest.

Upon these facts, in order to present the question of law, the chief justice ruled that the action could not be maintained, and directed a *pro forma* verdict for the defendants, which was returned accordingly; and the plaintiffs alleged exceptions.

*L. Child & C. E. Powers*, for the plaintiffs, cited *Worcester* v. *Western Railroad*, 4 Met. 564; *Wayland* v. *County Commissioners*, 4 Gray, 500; *Commonwealth* v. *Temple*, 14 Gray, 69;

*Charlestown* v. *County Commissioners*, 1 Allen, 199; *Boston &
Sandwich Glass Co.* v. *Boston*, 4 Met. 185; *Boston Water Power
Co.* v. *Boston*, 9 Met. 199; *Preston* v. *Boston*, 12 Pick. 7; *Dun-
nell Manuf. Co.* v. *Pawtucket*, 7 Gray, 277; *St.* 1854, *c.* 434.

*J. Q. A. Griffin*, for the defendants. The tax upon the real
estate cannot be recovered back in this action; nor can that
upon the personal estate, if there was any item embraced in the
taxation, for which the plaintiffs were properly assessed. *Bourne*
v. *Boston*, 2 Gray, 494, and cases cited. *Bates* v. *Boston*, 5
Cush. 93. The omnibuses and sleighs were not owned or used
by virtue of the plaintiffs' charter. As a corporation, they were
only authorized to transport passengers in cars. When they
used omnibuses or sleighs for this purpose, they were not act-
ing under their charter; and for these, they were certainly taxa-
ble. Besides; the horses were taxable under Gen. Sts. *c.* 11,
§ 12, *cl.* 3. Horse railroad corporations are not exempt from
taxation for their personal estate used in carrying on their busi-
ness. They are required to make returns annually to the legis-
lature of sums paid for taxes. Gen. Sts. *c.* 63, § 143, *pl.* 53. No
intention on the part of the legislature to exempt them from
taxation is discoverable in any of the general or special acts con-
cerning them; and the reasons assigned by this court for ex-
empting certain property of other corporations are not applicable
to these corporations. *Worcester* v. *Western Railroad*, 4 Met.
564. *Boston & Maine Railroad* v. *Cambridge*, 8 Cush. 237.
The action was prematurely brought. The cause of action did
not accrue until the money had been received into the defend-
ants' treasury.

HOAR, J. The question of the right of the plaintiffs to re-
cover money which has been paid as a tax assessed upon their
real estate, *eo nomine*, does not arise in this case, because the
tax upon real estate of which they complain was not paid by
them till after the commencement of the suit.

But it has been held, and is well settled, that real and personal
estate are so far separate and distinct subjects of taxation, that,
if a person is liable to taxation only upon one, he may re-
cover in an action against the town money which he has been

compelled to pay by reason of a tax illegally assessed upon the other.  *Boston & Sandwich Glass Co.* v. *Boston*, 4 Met. 181. *Howe* v. *Boston*, 7 Cush. 273.  *Lincoln* v. *Worcester*, 8 Cush. 55. If the plaintiffs were not taxable, therefore, for any personal property in Charlestown, they may maintain this suit.  If they were rightfully taxed for any, however little, they cannot have a remedy in this form, for including in the assessment property for which they were not taxable ; but the remedy must be by an application for an abatement.  *Little* v. *Greenleaf*, 7 Mass. 236.

And we think it very clear that the plaintiffs were not taxable for any personal property in the city of Charlestown.   They are a corporation established by law for the purpose of constructing and working a horse railroad.   The corporation has no residence. Its stockholders are liable to taxation upon their shares in the towns where they dwell.   The value of the personal property owned by the corporation is included as a subject of taxation in the value of the shares ; as in the case of banks, insurance companies, manufacturing corporations, and other railroads.

The defendants rely upon the special provision in Gen. Sts. *c.* 11, § 12, *cl.* 3, that horses employed in vehicles for the transportation of passengers for hire shall be assessed to the owners in the places where they are kept.   But a similar provision is found in the first clause of the same section, relating to stock in trade, including that employed in manufacturing or the mechanic arts in cities or towns within the state other than where the owners reside, which is to be assessed to the owners in the towns in which they hire or occupy manufactories, stores, shops, &c.   This last provision was reënacted from *St.* 1839, *c.* 139, § 1 ; and in *Boston & Sandwich Glass Co.* v. *Boston*, it was held to have no application to the mode of taxing property held by corporate bodies.   That decision is in principle precisely in point in the present case, and is decisive of it.

The plaintiffs were therefore entitled to recover the whole sum paid by them as a tax upon personal property, and their exception to the ruling that the action could not be maintained is sustained.